**YUN QING JING, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 07–3466–ag.

United States Court of Appeals, Second Circuit.

April 11, 2008.

Liu Yu, New York, NY, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Richard M. Evans, Assistant Director; Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Yun Qing Jing,[1] a native and citizen of China, seeks review of a July 26, 2007 order of the BIA affirming the September 30, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing, Yun Qing,* No. A77 994 016 (B.I.A. July 26, 2007), *aff'g* No. A77 994 016 (Immig. Ct. N.Y. City Sept. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., minus the single argument for denying relief that was rejected by the BIA." *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006) (internal quotation marks omitted). Here, the BIA declined to adopt the IJ's adverse credibility finding, but "agree[d]" with the IJ's finding that Jing failed to establish eligibility for relief and briefly supplemented the IJ's reasoning. Accordingly, we review the IJ's decision as modified and supplemented by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

We review the agency's factual findings under the substantial evidence standard and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

As an initial matter, we need not address the agency's denial of Jing's with-

---

1. Throughout the record, Petitioner's name is spelled alternately as Jing and Jiang. We refer to Petitioner as Jing in this order because that is the spelling used by the BIA in its decision.

holding of removal and CAT claims because Jing did not challenge the denial of that relief in her brief to this Court. In such circumstances, we deem the claims abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Likewise, because Jing failed to raise any asylum claim based on past persecution in her brief, we deem any such claim waived. *Id.* Additionally, we decline to consider Jing's argument that she fears being forcibly subjected to gynecological examinations and IUD insertion because the Government correctly asserts that she failed to exhaust her administrative remedies with respect to those issues. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir.2007) (describing issue exhaustion as an "affirmative defense subject to waiver").

As to Jing's claimed fear of future persecution based on her desire to have additional children, the record supports the agency's denial of her claim where she had only a single U.S.-born child, was not pregnant, and did not allege that she was presently attempting to conceive. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best"); *see also INS v. Cardoza–Fonseca*, 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (emphasizing that a well-founded fear does not require high probability of persecution, but does require "an objective situation ... established by the evidence"). To the extent Jing asserted a desire to have a second child at some point in the indefinite future, that evidence is insufficient, by itself, to demonstrate a well-grounded objective fear of future persecution. *See, e.g., Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d

Cir.2006); *cf. Rui Ying Lin v. Gonzales*, 445 F.3d 127, 135–36 (2d Cir.2006) (holding that substantial evidence did not support agency's finding fear "speculative" when petitioner had "offered evidence that she had already had two children, that she planned to have more, that she had gone to great lengths to avoid being sterilized in China, and that she had removed her IUD after escaping to the United States"). Insofar as Jing claimed a fear of forced sterilization, the agency properly found that Jing failed to demonstrate that her fear was objectively reasonable where background materials did not support it. *See Matter of J–W–S–*, 24 I. & N. Dec. 185, 190 (BIA 2007) (despite recognizing isolated reports of forced sterilization in the record, finding that such occasional incidents do not indicate that the applicant would be singled out for this treatment upon her return to China). Accordingly, the agency's denial of Jing's application for asylum was not in error.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Jing's pending motion for a stay of removal in this petition is DISMISSED as moot.